145 F.3d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vladislav Steven ZUBKIS, Plaintiff-Appellant,
v.
Securities and Exchange Commission, Defendant-Appellee.
 No. 97-56707.
D.C. No. CV-97-01026-BTM.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998[2].
Decided May 22, 1998.
 
 Appeal from the United States District Court for the Southern District of California Barry T. Moskowitz, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Vladislav Steven Zubkis appeals pro se the district court's dismissal of his complaint against the Securities and Exchange Commission ("SEC"). The Complaint alleges that the SEC, through its conduct in an investigation into Zubkis' business activities, violated Zubkis' rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.[3] The complaint seeks $50 billion in compensatory damages, $150 billion in punitive damages, injunctive relief, and the return of seized property.
 
 
 2
 The district court properly dismissed Zubkis' damage claims for lack of subject matter jurisdiction because the claims for damages against the Commission are barred by the sovereign immunity of the United States, which extends to federal agencies. See South Delta Water Agency v. U.S., Department of Interior, 767 F.2d 531, 536 (9th Cir.1985) (absent congressional consent, federal agencies and instrumentalities are immune).[4] The district court properly dismissed the claims for injunctive relief for failure to state a claim because Zubkis made no allegations that his legal remedies are inadequate or that he ever attempted to adjudicate his grievances within the administrative apparatus of the SEC. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) (the basis for injunctive relief is irreparable injury and the inadequacy of legal remedies).
 
 
 3
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [3]
 According to the SEC, the investigation, which was pending at the time the complaint was filed, is now over and the SEC has filed a complaint against Zubkis and others
 
 
 [4]
 Zubkis has not pleaded claims pursuant to the Federal Tort Claims Act ("FTCA"), 26 U.S.C. § 2671 et seq., much less demonstrated compliance with the FTCA's procedural requirements